Judge Mills
delivered the Opinion of tire Court,
This is a bill in chancery brought by the vendee; enjoining judgments at law for the purchase money, and to rescind and set aside a contract for the sale of land. Its features are similar in nearly every respect to, and it rests on the same equity precisely, with the case of Terry vs. Bieight, &c, just decided. Of course, the opinion rendered in that case will apply to this, and be decisive of the controversy.
Except, that in this case, the judgment is produced tinder which the lúnd was sold by execution against Bleigbt.
it thereby appears, that Bleigbt, by the verdict of a jury, had been defeated in a suit which he had-brought, and judgment was rendered against him for costs, and on the emanation of an execution, it was levied on a tract of 98,000 acres of land, about 31,000 acres of which was sold under the execution for a sum not quite ggs, and this is the sale set up in the bill. As Bleigbt according to the complainant’.*) own shewing, bad previously sold 100 acres of this Sand to the complainant for g320, it is evident that the price was very inadequate, and bore a small proportion to the number of acres, and this is all the evidence adduced by Bleigbt to shew that the sale was fraudulent.
From inadequacy of price, a probable presumption. of fraod'may be created; but it was never held per ee sufficient to vitiate a sale, and it may be explained *274 away, and accounted for, even where the estate sold is valued, and in this case when the value or goodness of a title,‘or its reputation is wholly unknown to the court, except the 100 acres of it previously sold to the complainant, the presumption is greatly weakened, ami we cannot sustain this ground as sufficient to pronounce the sale fraudulent.
If the defendant in a bill for a rescisión óf a contract for Jami, because of a sale under execution against vendor, would rely, that the sheriff’s sale had been set aside in a direct proceeding, he must aver and shew it; io urge it in argument will not do.
judges cannot in deciding one case look into other causes in court for evidence.
Statement of facts, date,-' &c_
Ground relied on against the rescisión.
It has been urged in argument that this sale under execution has been declared void, both at law and equity, and the sale pronounced void in a direct controversy between "Weight and the purchaser, brought for that purpose, and that these decisions are known on the records of this court. We may know this, as men, and even as a court; but we are not at liberty to introduce it into 1 his record as evidence for the defendant in chancery. The defendant has not filed, or relied upon it, and we cannot be of counsel so far as to introduce rhis evidence in his favor. In the decision we have to give, we are confined to this record alone, and the evidence there adduced, and upon that alone, we cannot pronounce the sale void, especially as the onus probandi, indubitably lies on the party opposing it, and his allegations are not sufficient.
But there are other grounds relied on to avoid the effects of this sale. The sale was made to the complainant on the 30th of April, 1814, and Bleightgave his bond to convey on the 1st of April, 1818, the day when the last payment became due, reserving the right of not conveying on that day if the last instalment was not paid, by deed of quit claim with warranty against himself and those claiming under him only. The judgment under which the land was sold was not obtained against Bleight till March, 1819. Execution issued on the 30th of the same month, and the sale was made by the sheriff on the 29th day of April, 1819.
It is therefore insisted, that as the complainant Withheld the last payment as well as others, and might by paying them have obtained his title a year before there was any execution to touch the land, he has by his own laches brought, his land into danger, and is therefore, not entitled to the aid of a court of chancery, when he seeks to set aside the contract
Where vendee takes possession, under a contract for a conveyance when the purchase money is paid, and failingin the payment for a year, the land is sold under a Jifa against vendor, he cannot for that cause have a rescission — lie must first pursue the purchaser for the title—
—If he fail in that (of which query) then, his caso will be complete.
Possession of vendee by ex-ecutory contract, is notice to subs®, quent purchaser.
Mardin for appellant; Barbu for appel!ees:„
It is further urged that the bond, which the complainant held on Biright long before the sale, gave him an equity in the land long prior to any execution against it, bud that it is in proof that; as he resided upon the land ever after his purchase, and long before the sale by execution, his residence was notice of his equity to the purchaser under execution, and that this equity can force the legal title from the purchaser, if the sale by execution is'a good one, and that he ought to be bound to do so, especially as by his own default in not paying the price, he has got into the ¡dilemma.
In some of this reasoning there is much force. He has applied to the chancellor to set aside this contract, which the chancellor may grant, or refuse, as the merits of the complainant’s'case require. If he has been in default so-as to bring himself into a difficulty, it is but correct in the chancellor to.refuse his aid. If he hereafter pays up the money, and Bleight cannot convey him the title which he stipulated to convey, he can have his remedy at law to recover for the breach, or a bill in equity for a specific performance in which he may make the purchaser under execution a party, and extract from him, if he can, the title acquired by the sheriff’s sale
It does appear in this cause that he resided on the land since his purchase from Bleight and has not been disturbed, which may be sufficient notice to the purchaser at sheriff’s sale of his equity. Whether he can succeed against that purchaser by such bill, wc need not now enquire. For if he cfinnot, his remedy against Bleight will then be complete, and we cannot conceive that it will impose too heavy a penalty on his defalcations to compel him to try the experiment, and to refuse to relieve him novy
The decree must, therefore, he affirmedi.with cost$ and damages.